

**SIGNED this 09 day of September, 2010.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **U.S. Insurance Group, LLC** | ) | **No. 09-12487** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **Richard P. Jahn, Jr.** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adv. No. 09-1174** |
| | ) | |
| **Bedford Consulting Group, LLC; Charles** | ) | |
| **J. Antonucci, Sr.; and The Park Avenue** | ) | |
| **Bank,** *by the* **Federal Deposit Insurance** | ) | |
| **Corporation,** *Receiver for* **The Park Avenue** | ) | |
| **Bank** | ) | |
| | ) | |
| **Defendants** | ) | |

## M E M O R A N D U M

This proceeding is before the court on a motion to dismiss filed by the Federal Deposit

Insurance Corporation ("FDIC") in its capacity as receiver for The Park Avenue Bank. The FDIC

-1-

argues that the claims review provisions of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") preclude this court from acquiring jurisdiction over the trustee's avoidance claims against the FDIC as receiver for bank. The trustee, relying on the relation back doctrine embodied in Federal Rule of Civil Procedure 15(c), argues that this court can continue to hear the case.

# I

The record reflects that, on April 22, 2009, the debtor U.S. Insurance Group, LLC, filed a petition under chapter 11 of the Bankruptcy Code. The case was converted to chapter 7 on June 18, 2009, and Richard P. Jahn, Jr. was appointed the chapter 7 trustee.

The trustee initiated this adversary proceeding on November 3, 2009, by filing a complaint against defendant Bedford Consulting Group, LLC. The complaint alleges that the debtor made three wire transfers totaling $6.5 million to Bedford Consulting Group without receiving any value in return. Consequently, the complaint seeks to avoid and recover each transfer as a fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1) and 550.

On May 3, 2010, the trustee moved to amend the complaint. The court granted the motion on May 27, 2010, and the amended complaint was filed the next day. The amended complaint carries forward the allegations of the original complaint, but also adds two new defendants: Charles J. Antonucci, Sr., and The Park Avenue Bank through its receiver, the FDIC.

According to the amended complaint, Antonucci owned a controlling interest in Bedford Consulting Group and he was also President, CEO, and a director of The Park Avenue Bank at the times of the transfers. The complaint alleges that Bedford Consulting Group and Antonucci, through "false and misleading representations," obtained authority over the debtor's account at the bank and

used that authority to effectuate transfers from the debtor to Bedford Consulting Group. Once Bedford Consulting Group had possession, those funds were further transferred to Antonucci's personal account and then transferred back to The Park Avenue Bank under the guise of a "capital contribution."

Between the filing of the original and amended complaints, the New York State Banking Department closed The Park Avenue Bank and the FDIC was appointed receiver. In compliance with FIRREA, the trustee filed a claim against the bank with the FDIC, but that claim was disallowed on June 17, 2010. Following that disallowance, the FDIC, in its capacity as receiver, filed a motion to dismiss the trustee's suit against the The Park Avenue Bank, arguing that this court has no subject matter jurisdiction to hear the trustee's action against the FDIC as receiver for the bank. Rather, the FDIC argues that the trustee's only option under FIRREA is to file a lawsuit against the FDIC as receiver for the bank in federal court, either in the district of the bank's principal place of business, which would be in New York, or in the district court in the District of Columbia. The trustee contests the motion to dismiss but has also filed suit in the District of Columbia in an effort to obtain judicial review in the event this court agrees with the FDIC and grants the motion to dismiss.

## II.

The relevant portions of FIRREA that govern the dispute raised by the FDIC's motion to dismiss are as follows. 12 U.S.C. § 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over --
>
>> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for

> which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Rather, claimants must file their claims with the FDIC. 12 U.S.C. § 1821(d)(5). Nevertheless, if a claim is disallowed, the claimant may seek district court review under § 1821(d)(6)(A), which provides, in relevant part:

> [T]he claimant may . . . file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district in which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

Because the trustee had filed his original avoidance action against defendant Bedford Consulting Group before the FDIC was appointed receiver for The Park Avenue Bank, the trustee contends that, by adding defendants Antonucci and the FDIC, as receiver for the bank, it is merely continuing an action commenced before the appointment of the FDIC as receiver, which is permitted by the language of § 1821(d)(6)(A). The FDIC asserts that no action was commenced against The Park Avenue Bank before the FDIC was appointed receiver and therefore § 1821(d)(6)(A) limits the districts in which the trustee may bring suit against the FDIC to the district in which the bank has its principal place of business or the district court for the District of Columbia. Ultimately, the question here turns on when the action was "commenced" against the bank through its receiver, the FDIC. If the trustee's suit was commenced pre-receivership, this court has jurisdiction to "continue" hearing this case. On the other hand, if the commencement did not occur until after the FDIC's receivership began, then § 1821(d)(6)(A) restricts subject matter jurisdiction to the relevant district court in New York or the District Court for the District of Columbia.

-4-

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The FDIC argues that the case was "commenced" no earlier than the filing of the amended complaint that first added the FDIC, as receiver for the bank, as a defendant. The trustee responds that its amended complaint should be construed to relate back to the date of the original filing, thereby rendering the claim a pre-receivership one.

Federal Rule of Civil Procedure 15(c), made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7015, provides for the relation back of amendments. Where the amendment involves the change of a party, Rule 15(c)(1)(C) applies and provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> . . . .
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Although Rule 15(c) is primarily directed at statute of limitations issues, it has been applied in the FIRREA context. *See Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994) (applying relation back doctrine in the context of § 1821(d)(13)(D)). In asserting that Rule 15(c) relation back should apply here, the trustee primarily relies on *Global Crossing Estate Representative v. Alta Partners Holding LDC (In re Global Crossing Ltd.)*, 385 B.R. 52 (Bankr. S.D.N.Y. 2008), an opinion that permitted application of the relation-back doctrine to added parties in an avoidance action.

The court in *Global Crossings* adopted a view that the phrase "mistake concerning the proper party's identity" should be given a broad construction. In so holding, the court rejected the view that "only a 'misnomer or misidentification' of an existing party can constitute a 'mistake concerning the identity of the proper party' under Rule 15(c)." *Id.* at 68 (citations omitted). The Sixth Circuit, however, adheres to the narrower view of "mistake concerning the proper party's identity," limiting it to instances of misnomer or misdescription. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010). Under this approach, the Sixth Circuit has refused to apply relation back to permit the addition (rather than substitution) of a new party in a preference action. *Leitch v. Lievense Ins. Agency, Inc. (In re Kent Holland Die Casting & Plating, Inc.)*, 928 F.2d 1448, 1449 (6th Cir. 1991). Rather, the court has found that "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Id.* (citation omitted). This position has been recently reaffirmed and expanded to cover attempts to add new plaintiffs. *Asher*, 596 F.3d at 318.

The Supreme Court's recent opinion in *Krupski v. Costa Crociere, S.p.A.*, 130 S. Ct. 2485 (2010), is not to the contrary. While the Court broadly defined "mistake" under Rule 15(c)(1)(C)(ii), *id.* at 2494, it did not consider whether the limiting phrase "concerning the proper party's identity" should be expanded beyond the contours set by the Sixth Circuit (i.e., misnomer or misdescription). Further, that case merely involved the substitution of a proper defendant for an erroneously named one, not the addition of a second defendant. As such, *Krupski* does not directly overrule the Sixth Circuit's construction of "mistake concerning the proper party's identity" and the related bar on *adding* more parties.

In accord with this view is *Venezia v. 12th & Division Props., LLC* 2010 WL 3122787, at *2 (M.D. Tenn. Aug. 6, 2010), in which the district court for the Middle District of Tennessee also considered the Sixth Circuit's Rule 15(c)(1)(C) jurisprudence in light of the decision in *Krupski* and still concluded that "under unambiguous Sixth Circuit precedent, Plaintiffs' proposed amendment is barred because the statute of limitations has run, and Plaintiffs seek to *add* new parties, rather than to substitute the correct parties for parties erroneously named in the original, timely pleading." *See also In re Indymac Mortgage-Backed Sec. Litig.*, 2010 WL 2473243, at *7 (S.D.N.Y. June 21, 2010) (distinguishing *Krupski* because "plaintiffs do not argue that any allegations in the earlier complaint actually related to [the added defendant] rather than to the entities or individuals or entities to which they were attributed").

The same result must apply here. Unlike *Krupski*, this case did not involve a misidentification of one party for another; rather, as in *Kent Holland* and *Venezia*, the trustee had added allegations regarding new parties *in addition* to the allegations against Bedford Consulting Group. Therefore, under Sixth Circuit precedent, the addition of the Park Avenue Bank through its receiver the FDIC as a new party cannot relate back to the filing of the original complaint. The result is that the case against the bank was commenced only after the appointment of the FDIC as receiver, and therefore subject matter jurisdiction is lacking under 12 U.S.C. § 1821(d)(13)(D), except in the courts listed in § 1821(d)(6)(A).

### III.

In conclusion, because the Sixth Circuit does not allow use of the relation-back doctrine to add more parties in these circumstances and because *Krupski* does not directly overrule this aspect of Sixth Circuit jurisprudence, the trustee's action against The Park Avenue Bank through its

receiver the FDIC was not commenced until the filing of the amended complaint. As a post-receivership suit, this action is barred by § 1821(d)(13)(D). Accordingly, an order will enter granting the FDIC's motion to dismiss for lack of subject matter jurisdiction against that defendant. The trustee may continue pursuing its action against the FDIC as receiver for The Park Avenue Bank in the district court for the District of Columbia pursuant to § 1821(d)(6)(A).

###